CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 2 2014

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **VICKIE G. MILLS,** <br> **Plaintiff** | ) <br> ) | |
| | ) | **Civil Action No. 7:14-cv-00206** |
| **v.** | ) | |
| | ) | **By: Hon. Michael F. Urbanski** |
| **COMMONWEALTH OF VIRGINIA, et al.,** <br> **Defendants.** | ) <br> ) <br> ) | **United States District Judge** |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Vickie G. Mills, filed the instant complaint alleging a violation of her constitutional right to privacy and slander. Mills moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Mills' motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that…the action…is frivolous or malicious…[or] fails to state a claim on which relief may be granted…" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mills' complaint fails to state a legal claim upon which relief may be granted.

Mills' allegations are unintelligible and give no perceptible claim for federal relief. While the pleading rules are less stringent for pro se plaintiffs, Mills still must offer some foothold on which defendants could base an answer, or on which the court could base a judgment. There is no such foothold here. "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Rochester v. U.S. Gov., No. 2:07-427-HMH-RSC, 2008 WL 618792, at *2 (D.S.C. Mar. 3, 2008) (citing Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990)).

Further, Mills has established no basis for federal jurisdiction. Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) ("[The federal courts] possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Accordingly, the court will dismiss Mills' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The court notes that this is the sixth lawsuit filed by Mills within a week and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Case No. 7:14cv00183 (filed Apr. 21, 2014); Case No. 7:14cv00198 (filed Apr. 22, 2014); Case No. 7:14cv00203 (filed Apr. 28, 2014); Case

No. 7:14cv204 (filed Apr. 28, 2014); Case No. 7:14cv00205 (filed Apr. 28, 2014). **PLAINTIFF IS HEREBY NOTIFIED THAT FURTHER FILING OF FRIVOLOUS LAWSUITS IN THIS COURT MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING ISSUANCE OF A PRE-FILING INJUNCTION.**

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: May 2, 2014

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge